IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE GRIFFIN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Deputy Warden MURPHY, Counselor THOMAS, GDOC Inmate Transfer Records, GDOC Inmate Classification for Long-Term Maintenance, GDOC Inmate Central Files Criminal Records, and GDOC John and Jane Does, | : | NO. 1:07-CV-9 (WLS) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **THOMAS WAYNE GRIFFIN**, an inmate at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the above defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

1

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. MISCELLANEOUS MOTIONS

Since filing his complaint, plaintiff has filed several motions with the Court. These miscellaneous motions are discussed below.

### A. Motion to Compel Production of Inmate Files (Tab # 4)

In this motion, plaintiff seeks a court order directing the defendants to produce "complete copies of [plaintiff's] inmate files." Plaintiff's motion is premature at this time and is hereby **DENIED**. Plaintiff may renew this motion after the defendants have answered or otherwise

responded to plaintiff's complaint.

### B. *Motion for Preliminary Injunction (Tab #5)*

In this pleading, plaintiff seeks transfer to a long-term maintenance program at a transitional center. In order to obtain injunctive relief, the plaintiff bears the burden of proving: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opposing party; and (4) granting the injunction will not disserve the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

Plaintiff has failed to meet the requisite burden for injunctive relief. Plaintiff has not demonstrated a likelihood of success on the merits. On the contrary, plaintiff has not even addressed the merits of his case. Additionally, plaintiff has not demonstrated that any threatened injury he faces outweighs the potential harm caused to the defendants by injunctive relief. Finally, as plaintiff has not shown at this early stage in the litigation any constitutional violations, it would not serve the public interest to grant him injunctive relief.

Thus, there is no indication that the "drastic remedy" of a preliminary injunction is warranted at this juncture. Accordingly, it is **RECOMMENDED** that plaintiff's motion for injunctive relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. *Motion to Amend (Tab # 11)*

In his motion to amend his complaint, plaintiff seeks to better explain his claim against defendant Counselor Thomas and to add as defendants John and Jane Does for the Georgia Department of Corrections ("GDOC"). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given. Accordingly, plaintiff's motion is **GRANTED.**

### III. BACKGROUND

In September 2005, while he was confined at the Sumter County Correctional Institution ("SCCI"), plaintiff alleges that he was approved for transfer to "long term maintenance at a transitional center." For unknown reasons, plaintiff then filed a series of grievances against SCCI officials. Approximately two weeks after the transfer was allegedly approved, another inmate was transferred to the Atlanta Transitional Center instead of plaintiff. Plaintiff later learned that the reason he was not transferred was because of an obstruction of a law enforcement officer charge that apparently was included in plaintiff's criminal history. According to plaintiff, he has never been

4

arrested or convicted of obstruction of a law enforcement officer. Although plaintiff provides little explanation, he apparently believes that Deputy Warden Murphy, conspiring with Counselor Thomas, somehow added this false charge to plaintiff's criminal record in retaliation for plaintiff's grievances. As a result of his criminal record containing false information, plaintiff alleges that his security level has been raised, he has been transferred to a state prison, and he has been denied access to a transitional center.

Plaintiff files this action seeking correction of his criminal history record, transfer to a long-term maintenance program at the Atlanta Transitional Center, and damages. He names as defendants: Deputy Warden Murphy, Counselor Thomas, John and Jane Does GDOC employees, "GDOC Inmate Central Files Criminal Records," "GDOC Inmate Classification for Long Term Maintenance Records," and "GDOC Inmate Transfer Records."

## IV. DISCUSSION

### A. Divisions of GDOC

Plaintiff is advised that the GDOC divisional defendants are not entities capable of being sued under section 1983. Accordingly, it is **RECOMMENDED** that "GDOC Inmate Central Files Criminal Records," "GDOC Inmate Classification for Long Term Maintenance Records," and "GDOC Inmate Transfer Records" be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this order.

### B. GDOC John and Jane Does

With regard to the GDOC John and Jane Does, the Court has no way of knowing the name of these defendants in order to perfect service of process. Therefore, <u>no service</u> will be attempted. It is the **RECOMMENDATION** of the undersigned that plaintiff's claims against the Doe defendants be **DISMISSED** without prejudice to the rights of the plaintiff to file an amended complaint should he subsequently discover their identities. Plaintiff is advised that if he wishes to replace the Doe defendants with specifically named defendants, he must do so before the applicable statute of limitations expires (presumably September 2007).

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. Deputy Warden Murphy and Counselor Thomas

Plaintiff generally does not have a constitutional right to a specific security classification or confinement in a particular facility. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir.1991); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Constitution itself does not confer any right upon an inmate to any particular custody or security classification). Because plaintiff is alleging retaliation, however, the Court will allow his complaint to go forward against defendants

6

Murphy and Thomas.

## V.  CONCLUSION

In a separate order, the undersigned has directed that plaintiff's retaliation claim against Deputy Warden Murphy and Counselor Thomas be served on said defendants.  The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 5th day of June, 2007.

>  */s/ Richard L. Hodge*
>  RICHARD L. HODGE
>  UNITED STATES MAGISTRATE JUDGE