IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY  DIVISION

THOMAS WAYNE GRIFFIN,                    :
                                         :
            Plaintiff,                   :
                                         :
      VS.                                :      Civil Action File No.
                                         :      **1:07-CV-9 (WLS)**
Deputy Warden MURPHY, et al.,            :
                                         :
            Defendants.                  :
_____

## <u>RECOMMENDATION</u>

Currently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is plaintiff's motion to amend the complaint. (Doc. 20).

In this motion, plaintiff wishes to add as a party defendant to this complaint James Donald, Commissioner of the Georgia Department of Corrections.

Plaintiff alleges that Commissioner Donald aided the other defendants in retaliating against plaintiff for filing grievances while at Sumter County Correctional Institution by raising his classification level, and for allowing plaintiff to be transferred to a higher classification institution.

While Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint once as a matter of right prior to the filing of an answer or a dispositive motion, such amendments are still subject to the frivolity review pursuant to 28 U.S.C. § 1915(e)(2).

It is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. <u>Rogers v. Evans</u>, 792 F.2d 1052 (11th Cir. 1986); <u>H.C. by Hewett v. Jarrard</u>, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.

H.C. by Hewett, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), cert. denied, 500 U.S. 933 (1991).

Plaintiff does not allege that James Donald was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold James Donald responsible for the plaintiff's alleged constitutional deprivations. Therefore, the undersigned **RECOMMENDS** plaintiff's motion to amend his complaint to add James Donald be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of January, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd

2