IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| THOMAS WAYNE GRIFFIN, | : |
| Plaintiff, | : |
| VS. | : Civil Action File No. |
| | : **1:07-CV-9 (WLS)** |
| Deputy Warden MURPHY, et al., | : |
| Defendants. | : |

## **RECOMMENDATION**

Currently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is a motion for summary judgment filed on behalf of defendants. (Doc. 41).

In September 2005, while he was confined at the Sumter County Correctional Institution ("SCCI"), plaintiff alleges that he was approved for transfer to "long term maintenance at a transitional center." For unknown reasons, plaintiff then filed a series of grievances against SCCI officials concerning the conditions at the facility. Approximately two weeks after the transfer was allegedly approved, another inmate was transferred to the Atlanta Transitional Center instead of plaintiff. Plaintiff later learned that the reason he was not transferred was because of an obstruction of a law enforcement officer charge that apparently was included in plaintiff's criminal history. According to plaintiff, he has never been arrested or convicted of obstruction of a law enforcement officer. Although plaintiff provides little explanation, he apparently believes that Deputy Warden Murphy, conspiring with Counselor Thomas, somehow added this false charge to plaintiff's criminal record in retaliation for plaintiff's grievances. As a result of his criminal record containing false information, plaintiff alleges that his security level has been raised, he has been transferred to a state prison, and he has been denied access to a transitional center.

Defendants now file their motion for summary judgment.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry

the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

According to the affidavits submitted by defendants, plaintiff was an inmate at the Sumter County Correctional Institute for approximately two months in 2005. During that time, Defendant Thomas was his counselor, and Defendant Murphy was the Deputy Warden for security. (Doc. 41, Affidavit of Thomas, ¶ 2; Affidavit of Murphy, ¶ 2.) On September 8, 2005, the plaintiff requested that Defendant Thomas assist him in applying for transfer to a long term maintenance facility. As plaintiff had a trusty security status, Defendant Thomas did assist the plaintiff by making a request to the Department of Corrections on the plaintiff's behalf that he be transferred to a long term maintenance facility. Defendant Thomas submitted such request to the Department of Corrections on September 14, 2005. The Department of Corrections then entered a transfer order on September 23, 2005. (Doc. 41, Affidavit of Thomas, ¶ 4.)

However, on September 26, 2005, before the plaintiff was transferred, an unidentified person from the Department of Corrections telephoned Defendant Thomas and told her that the plaintiff could not be transferred because he should not have trusty status. The Department of Corrections told Defendant Thomas to initiate a security reclassification on the plaintiff and that the plaintiff would not be transferred. The Department of Corrections told Defendant Thomas that the plaintiff had an obstruction of law enforcement officer charge on his record, and thus, had two violent assaults in his criminal history and should be classified as minimum security. (Doc. 41, Affidavit of Thomas, ¶¶ 5-6.) The plaintiff had been classified as either medium or minimum security for the vast majority of his incarceration history, and had only been a trusty for less than 6 months at the time he was reclassified. (Doc. 41, Affidavit of Murphy, ¶ 5.) Plaintiff was then transferred to another facility on October 6, 2005. (Doc. 41, Affidavit of Murphy, ¶ 4).

*Retaliation*

First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment. Boxer X. V. Harris, 437 F.3d 1107, 112 (11th Cir. 2006.) "To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first that his speech or act was constitutionally protected; second that the defendants retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennet v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).

Although a plaintiff bringing a claim based on an official's improper motive need not adduce clear and convincing evidence of said motive to defeat a summary judgment motion, the plaintiff "must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998).

Defendants state that plaintiff would have been reclassified from trusty to minimum security regardless of their alleged retaliation, because plaintiff was not entitled to trusty status. Ga. Admin. Code 125-3-1-.02(6)(e)(5) provides, in part, that an inmate is not eligible for trusty status "if he or she has been sentenced for two (2) or more crimes of violence." According to the plaintiff's criminal history which he produced at his deposition (Doc. 41, Exhibit C), plaintiff was convicted and sentenced for false imprisonment and battery in Florida on October 1, 1997, and also of armed robbery in Georgia on February 10, 1989.

Plaintiff has submitted numerous pages of argument (doc. 50), where he contends that because

defendants cannot identify the person from the Georgia Department of Corrections who made the telephone call to change plaintiff's status from trusty to minimum security, and because they did not specifically verify who it was, is evidence that they are lying. Furthermore, he contends that the assault of a police officer charge that is specified is false, as he was only arrested for attempting to elude a police officer, the disposition of which is unknown.

However, even under plaintiff's own admissions, he was convicted of both armed robbery in Georgia and false imprisonment and battery charges in Florida. (Doc. 41, Exhibit C). Under the regulations for the Georgia Department of Corrections, with two sentences for violence, plaintiff was not entitled to trusty status, and that he should have been reclassified from trusty to minimum security, regardless of any motive on the part of either Defendant. "Simply put, where a plaintiff challenges a discrete governmental decision as being based on an impermissible criterion and it is undisputed that the government would have made the same decision regardless, there is no cognizable injury warranting relief under § 1983." Wooden v. Bd. of Regents of the Univ. System of Ga., 247 F.3d 1262, 1276-77 (11th Cir. 2001).

Therefore, assuming *arguendo* that plaintiff has met the first two prongs of the retaliation formulation under Boxer, supra, it is clear that he has not met the third prong. Defendants have shown affirmative evidence that plaintiff would have been reclassified regardless of any improper motive to retaliate against him for filing unspecified grievances regarding the conditions of the prison facility.

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986). Rather, a nonmoving party must produce "evidence that a reasonable factfinder could return a verdict in its favor." Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir.2001). In this regard, legal conclusions, evidence not admissible at trial, and conclusory allegations are all insufficient. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.1991). Similarly, statements in affidavits that are based, in part, upon information and belief, instead of only knowledge, do not raise genuine issues of fact. Pace v. Capobianco, 283 F.3d 1275, 1278-79 (11th Cir. 2002).

All plaintiff has provided are allegations and conclusions that are not based upon evidence. Plaintiff's legal speculations and personal attacks against defendants and the undersigned do not provide the proper basis for overcoming defendants' properly supported motion for summary judgment.

*Failure to Exhaust Administrative Remedies*

Defendants assert that plaintiff has failed to exhaust administrative remedies. According to defendants, at the time plaintiff was incarcerated there in 2005, Sumter County Correctional Institute had a three-step grievance process. An inmate would first file an informal grievance, which a counselor would deliver to the Deputy Warden for care and treatment, Paul Nagle. If Deputy Warden Nagle was unable to resolve the informal grievance, at the inmate's request, the inmate would be given a formal grievance form to complete. If the formal grievance could not be resolved, then the inmate had the option of appealing his grievance to the Department of Corrections. (Doc. 41, Affidavit of Murphy, ¶ 7.)

Plaintiff has alleged that he filed an informal grievance for retaliation at Sumter County Correctional Institute on October 3, 2005, and an informal grievance against Defendant Murphy

6

for retaliation on October 12, 2005 while incarcerated at Wheeler Correctional Facility. (Plaintiff's Statement of Claim.) Plaintiff has attached receipts for informal grievances on those dates, but he has hand written additional information regarding the subject matter of such informal grievances. However, plaintiff states that he did not receive any response regarding any of the informal grievances, and therefore, could not exhaust.

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Inmates may file a request for an out of time grievance or an out of time appeal. Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999). Plaintiff does not dispute that he failed to take any more action to exhaust his administrative remedies. Given these circumstances, the court believes that dismissal is mandated for failure to exhaust administrative remedies.

The court must follow the dictates of circuit law. This circuit, in interpreting the PLRA, has

determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11 th Cir. 1998); Harper v. Jenkin, supra.

*Qualified Immunity*

Defendants assert that they are also entitled to qualified immunity regarding plaintiff's allegations. However, it was well established before September 2005 that a disciplinary act in retaliation for a prisoner's exercise of a constitutionally protected right is actionable even if the act, when taken for another reason, would have been proper. See, e.g., Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir.1989) (allegation that prisoner was placed in segregation in retaliation for filing grievances states a claim for violations of his First Amendment rights to freedom of speech and to petition the government for redress of grievances); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986) (allegation that cell was searched and personal papers were confiscated in retaliation for filing lawsuits and administrative grievances states a claim for violations of both the inmate's right of access to the courts and the inmate's First Amendment rights); Bridges v. Russell, 757 F.2d 1155, 1156-57 (11th Cir.1985) (allegation that prisoner was transferred in retaliation for filing a grievance against work supervisor and encouraging other prisoners to sign petition states a claim for violation of First Amendment rights).

However, by the very terms of plaintiff's allegations, both of the defendants had been acting "within their discretionary authority." Plaintiff has failed to establish any constitutional violations. Qualified immunity "shields governmental officials executing discretionary responsibilities from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Williams v. Bd. of Regents of Univ. Sys. of

Ga., 477 F.3d 1282, 1300 (11th Cir.2007) (quotation marks omitted).

Therefore, because plaintiff has not shown that defendants violated his constitutional rights, defendants are entitled to qualified immunity.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 14th day of August, 2008.

                                              //S Richard L. Hodge
                                              RICHARD L. HODGE
                                              UNITED STATES MAGISTRATE JUDGE

msd